UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THERESA SCHOBER,

    Plaintiff,

v.                                               Case No:   2:13-cv-857-FtM-38CM

TOWN OF FORT MYERS BEACH,
FLORIDA, a Florida municipal
corporation,

    Defendant.
_____/

### **ORDER**[1]

This matter is before the Court on Defendant Town of Fort Myers Beach, Florida's Supplemental Memorandum Regarding Motion to Dismiss Counts IV and V of Plaintiff's Amended Complaint (Doc. #34) filed on December 1, 2014.  Plaintiff Theresa Schober filed a Response to Motion to Dismiss Counts IV and V of Complaint, or In the Alternative for Leave to Amend (Doc. #35) filed on December 8, 2014.  This matter is ripe for review.

The facts underlying this case have been recited at length in an earlier Order (Doc. #33) and need not be repeated in detail here.  In brief, Plaintiff commenced this action against Defendant, her former employer.  (Doc. #1).  She asserted, among other things, that Defendant defamed her (Count Three) and interfered with an advantageous business relationship (Count Four) in violation of Florida law.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

On August 18, 2014, Defendant moved to dismiss the Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. #25). Defendant argued that the Court should dismiss Counts Three and Four because it was absolutely immune from such claims under Florida law. The Court declined to rule on this defense because the parties' briefs failed to present this issue in a coherent manner. (Doc. #33 at 12-15). Accordingly, the Court directed supplemental briefing on the following questions: (1) whether the executive official(s) who allegedly defamed Plaintiff acted in connection with the official's employment duties such that Defendant enjoys absolute privilege under McNayr v. Kelly, 184 So.2d 428, 433 (Fla. 1966) and its progeny; and (2) whether Defendant is entitled to immunity under Florida Statute § 768.28. (Doc. #33 at 14-15).

On December 1, 2014, Defendant filed its supplemental response. (Doc. #34). Although given the opportunity to present arguments on pointed issues the Court deemed significant to rule on this matter, Defendant instead chose to recite the general law on absolute and statutory immunity that the Court had already identified in its previous order. (Id. at 2-4; Doc. #33 at 12-13). Defendant continues to baldly declare immunity for Counts Three and Four without any meaningful analysis or application to the facts as alleged in the Amended Complaint. As previously warned, the Court declines to devise arguments on Defendant's behalf so that it can meet the standards of absolute and/or statutory immunity.

Plaintiff filed her response on December 8, 2014, and it fares no better.[2] Plaintiff dedicates the first portion of her brief to arguing that she has sufficiently pled a *prima facie*

---

[2] In order to comply with the Court's five-page limit, Plaintiff formatted her supplemental response with narrower margins, a smaller font size, and closer line spacing. (Doc. #36). This violates Middle District of Florida Local Rule 1.05(a) and the Court's clear direction. In all future filings, Plaintiff must strictly comply

2

case for defamation and tortious inference under Florida law.  (Doc. #35 at 3-4).  The sufficiency of her allegations, however, is not at issue.  Plaintiff then contends that Defendant is not entitled to qualified immunity.  (Id. at 4-5).  This line of argument is similarly misplaced because Defendant is not asserting qualified immunity.  Qualified immunity is separate and distinct from the absolute and statutory immunities on which the Court asked for the supplemental briefing.

It was Defendant's burden to present the Court with the legal grounds to support its immunity defense.  Having received nothing of substance from either party that adequately addresses this issue, the Court will deny Defendant's Motion to Dismiss Counts Three and Four of the Amended Complaint.  Although the Court cannot resolve the immunity issue at this stage of litigation, it expects that the parties will flesh out this matter during discovery.

Accordingly, it is now

**ORDERED:**

Defendant Town of Fort Myers Beach, Florida's Supplemental Memorandum Regarding Motion to Dismiss Counts IV and V of Plaintiff's Amended Complaint (Doc. #34) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 9th day of January, 2015.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

with the Court's Local Rules.  Failure to do so will result in the Court striking non-conforming documents.