UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THERESA SCHOBER,

        Plaintiff,

v.                                          Case No:   2:13-cv-857-FtM-38CM

TOWN OF FORT MYERS BEACH,
FLORIDA, a Florida municipal
corporation,

        Defendant.
_____/

## ORDER[1]

This matter is before the Court on Defendant Town of Fort Myers Beach, Florida's Motion to Dismiss Action (Doc. #37) filed on February 4, 2015.  Plaintiff Theresa Schober filed a Response to Motion to Dismiss (Doc. #38) on February 18, 2015.  This matter is ripe for review.

## BACKGROUND

The facts underlying this case have been recited at length in earlier Orders (Doc. #33; Doc. #36) and need not be repeated in detail here.  In short, Plaintiff brought this action against Defendant on December 9, 2013.  (Doc. #1; Doc. #9).  She asserted that Defendant discriminated against her in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Florida Human Rights Act ("FHRA").  (Doc. #9 at ¶¶ 107-12).  She

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

also alleged that Defendant defamed her and interfered with an advantageous business relationship in violation of Florida law.  (Doc. #9 at ¶¶ 113-20).

Defendant thereafter moved to dismiss the Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Doc. #25).  The Court dismissed the Title VII and FHRA claims on procedural grounds – untimeliness and failure to pursue administrative remedies.  (Doc. #33 at 7-12).  The Court allowed the remaining state law claims to proceed because Defendant fell short of presenting sufficient legal grounds to support its absolute and statutory immunity defenses to those claims.  (Doc. #33 at 14-15; Doc. #36 at 2-3).  Since all that remains are Plaintiff's state law claims, Defendant now moves to dismiss for lack of jurisdiction.

## DISCUSSION

Federal district courts are given supplemental jurisdiction over state claims that "form part of the same case or controversy" as federal claims over which they have original jurisdiction.  See 28 U.S.C. § 1367(a).  This jurisdictional extension has limits, however, and a district court "may decline to exercise supplemental jurisdiction over [such] claim[s] . . . if . . . [it] has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).  The decision of whether to exercise supplemental jurisdiction where a district court has dismissed all federal claims is left to the court's discretion, as "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right."  United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) (footnote omitted); see also Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088-89 (11th Cir. 2004) (citation omitted).  When deciding whether to exercise supplemental jurisdiction, district courts should consider "judicial economy, convenience, fairness, and comity."  Baggett v. First Nat'l Bank of

2

Gainesville, 117 F.3d 1342, 1353 (11th Cir. 1997) (citations omitted).  "Another important consideration . . . is the running of a state statute limitation." Ingram v. Sch. Bd. of Miami-Dade Cnty., 167 F. App'x 107, 109 (11th Cir. 2006) (citations omitted).

As noted, the Court dismissed the federal claims over which it had original jurisdiction, leaving only the state law claims.  (Doc. #33).  On this posture, Plaintiff is no longer entitled to remain in federal court.  See 28 U.S.C. § 1367(c)(3); Busse v. Lee Cnty., Fla., 317 F. App'x 968, 973-74 (11th Cir. 2009) ("Since the district court 'had dismissed all claims over which it has original jurisdiction,' it therefore had the discretion not to exercise supplemental jurisdiction over [Appellant's] state law claims." (citation omitted)).

Having considered the above-discussed factors, the Court declines to exercise supplemental jurisdiction over the remaining state law claims.  See Baggett, 117 F.3d at 1353 ("Where § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction." (citations omitted)).  This case has not progressed past Defendant's motion to dismiss, and thus it is still in the early stages of litigation.  See Raney, 370 F.3d at 1089 (encouraging district courts to dismiss remaining state claims when the federal claim has been dismissed prior to trial).  In addition, resolution of Plaintiff's state law claims and Defendant's immunity defenses depend on determinations of state law.  See Lock v. City of W. Melbourne, Fl., No. 6:12-CV-680-ORL, 2013 WL 6798933, at *18 (M.D. Fla. Dec. 23, 2013) ("It is preferable for Florida's state courts to make determinations of Florida law, particularly when considering the absolute immunity issues raised by the Individual Defendants and the fact that both the federal law claims have been dismissed prior to trial." (citations omitted)).  Thus, Florida court is the more appropriate forum.  See Hardy

v. Birmingham Bd. of Educ., 954 F.2d 1546, 1553 (11th Cir. 1992). Finally, there are no concerns about the timeliness of Plaintiff's claims should this case be dismissed because § 1367(d) tolls the statutes of limitation for state claims during the period in which they have been pending in federal court and for thirty (30) days after an order of dismissal. See 28 U.S.C. § 1367(d); Jinks v. Richland County, 538 U.S. 456, 465 (2003) (upholding 28 U.S.C. § 1367(d) as constitutional); Beck v. Prupis, 162 F.3d 1090, 1099-1100 (11th Cir. 1998) ("[A] dismissal under section 1367 tolls the statute of limitations on the dismissed claims for 30 days"); see generally Dunavant v. Sirote & Permutt, P.C., No. CIV.A. 13-0268-WS-M, 2014 WL 2885483, at *13 n.7 (S.D. Ala. June 25, 2014). Thus, Plaintiff may refile in the appropriate state court, provided she does so in a timely manner. For these reasons, the Court declines to exercise supplemental jurisdiction over Plaintiff's state claims and dismisses them without prejudice.

Accordingly, it is now **ORDERED**:

(1) Defendant Town of Fort Myers Beach, Florida's Motion to Dismiss Action (Doc. #37) is **GRANTED**. Counts Four and Five of the Amended Complaint (Doc. #9) are **DISMISSED without prejudice**.

(2) The Clerk of Court is **DIRECTED** to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 25th day of February, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record